UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES CLARENCE ROSS CALDWELL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-361-JD-MGG |
| M.C.F., | |
| Defendant. | |

OPINION AND ORDER

James Clarence Ross Caldwell, a prisoner without a lawyer, filed a complaint against the Miami Correctional Facility. ECF 1. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In his complaint, Caldwell assets that, on March 25, 2021, when he woke up at around 10:30 a.m., lunch trays were being passed out by the prison's staff. ECF 1 at 2. He asked why he had not received a breakfast tray and was told he should ask the staff from the first shift why he had not been given a breakfast tray. *Id*. Caldwell reported the situation to Officer N.G. Wilson, who then made a number of phone calls to inquire about why Caldwell had not received a breakfast tray. *Id*. Officer Wilson was told there was nothing he could do, and Caldwell should have taken up the issue with the staff from the first shift. *Id*. Caldwell further alleges that Officer Nelson told him that, if the commanding officer had to come out of his office to deal with the situation, he would receive a conduct report. *Id*.

While it is clear Caldwell was upset that he did not receive a breakfast tray on March 25, 2021, his complaint does not plausibly allege that his federal constitutional rights have been violated because missing a single meal does not deprive an inmate of the minimal civilized measure of life's necessitates. *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Freeman v. Berge,* 441 F.3d 543, 547 (7th Cir. 2006); *Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010). Furthermore, he may not proceed against the Miami Correctional Facility because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad

discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Therefore, Caldwell will not be permitted to file an amended complaint.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim. The clerk is DIRECTED to close the case.

SO ORDERED on June 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT